IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GASTON,                               No. CIV S-03-1707-LKK-CMK-P

        Plaintiff,

  vs.                                               FINDINGS AND RECOMMENDATIONS

EDWARD CADEN, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On August 30, 2005, the court directed service of plaintiff's second amended complaint by the U.S. Marshal on ten named defendants.  To date, five defendants have either already appeared in the action or have waived service of the second amended complaint.  The following five defendants remain unserved: Cappell, Arceo, Valdez, "CDC," and "CMF."  On February 7, 2006, the court directed plaintiff to show cause why these five defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), which provides that an action shall be dismissed as against any defendant who is not served within 120 days after the complaint is filed.

        In response to the court's order to show cause, on February 27, 2006, plaintiff filed a document entitled "Notice and Motion for Full Federal Investigation on the Deliberate Destruction and/or Confiscation of all Plaintiff's Legal Material in This Matter."  In this document, plaintiff states that prison official shave engaged in a conspiracy to destroy his legal

1

1  materials, specifically documents establishing that the unserved defendants were, in fact, served.
2  Plaintiff does not, however, state which prison officials have engaged in such conduct.  It is,
3  therefore, impossible for the court to evaluate this assertion.  Accordingly, the court will
4  recommend that this request be denied.

5        Plaintiff also filed a document entitled "Motion for Default Judgment" in which
6  he seeks a judgment by default against the unserved defendants.  Plaintiff asserts that all ten
7  defendants have been served and that, therefore, he is entitled to a default judgment against the
8  five defendants who have not appeared in the action.  As "proof" of service, plaintiff attaches the
9  process receipt and return from the U.S. Marshal indicating that summons were mailed for
10 waiver of service.  These documents do not, however, establish that any defendant was actually
11 served or waived service.  In particular, the documents do not establish service as to any of the
12 five unserved defendants.  Therefore, the court will also recommend that this request be denied.

13       On February 27, 2006, plaintiff also filed a document entitled "Plaintiff Motion to
14 Obtain Court Order to Obtain Possession and Access to a Typewriter During Litigation of the
15 Above-Entitled Matter."  To the extent this represents a request for injunctive relief, plaintiff has
16 not specified any named defendant in the motion.  This court is unable to issue an order against
17 individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine
18 Research, Inc., 395 U.S. 100, 112 (1969).  In addition, plaintiff has not shown either irreparable
19 injury or that the hardships tip in his favor.  To prevail, the moving party must show either a
20 likelihood of success on the merits and the possibility of irreparable injury, or that serious
21 questions are raised and the balance of hardships tips sharply in the movant's favor.  See
22 Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune,
23 Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  Here, the court cannot
24 discern any such harm because a typewriter is not required in order to litigate this case.  Plaintiff
25 is free to file hand-written documents, as he has done in the past.

26       The court now addresses whether the unserved defendants should now be

1  dismissed.  As to defendants named as "CDC" and "CMF," the court finds that dismissal of
2  those defendants is appropriate under the Eleventh Amendment.  The Eleventh Amendment
3  prohibits federal courts from hearing suits brought against a state both by its own citizens, as
4  well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d
5  1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to
6  suits against state agencies.[1]  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
7  curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "CDC" refers to the former
8  California Department of Corrections, currently the California Department of Corrections and
9  Rehabilitation, which is immune.  "CMF" refers to the California Medical Facility, which is also
10 immune.  Therefore, dismissal of these unserved defendants is appropriate.

11         As to Cappell, Arceo, and Valdez, plaintiff has not shown good cause why these
12 defendants should not be dismissed pursuant to Rule 4(m).  The court will, therefore, recommend
13 dismissal of these unserved defendants as well.

14         Finally, on March 17, 2006, those defendants who have already appeared in the
15 action filed a request to extend the time within which to respond to the second amended
16 complaint.  Good cause appearing therefor, the court will recommend that defendants' answer
17 not be due until 30 days after these findings and recommendations are addressed by the district
18 judge assigned to this case.

19         Based on the foregoing, the undersigned recommends that:

20         1.      Plaintiff's request, entitled "Notice and Motion for Full Federal
21 Investigation on the Deliberate Destruction and/or Confiscation of all Plaintiff's Legal Material
22 in This Matter," be denied;

23         2.      Plaintiff's request, entitled "Motion for Default Judgment," be denied;

---

[1]  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

      3.      Plaintiff's request, entitled "Plaintiff Motion to Obtain Court Order to Obtain Possession and Access to a Typewriter During Litigation of the Above-Entitled Matter," be denied;

      4.      Defendants "CDC" and "CMF" be dismissed as immune under the Eleventh Amendment;

      5.      Defendants Cappell, Arceo, and Valdez be dismissed pursuant to Federal Rule of Civil Procedure 4(m); and

      6.      Defendants Caden, Aguirre, Haley, Manuel, and Prebula be directed to file a response to the second amended complaint within 30 days of the date these findings and recommendations are addressed by the district judge assigned to this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 22, 2006.

                                                                     **CRAIG M. KELLISON**
                                                                       UNITED STATES MAGISTRATE JUDGE