1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY GASTON,                        No. CIV S-03-1707-LKK-CMK-P

12                 Plaintiff,

13          vs.                             <u>ORDER</u>

14   EDWARD CADEN, et al.,

15                 Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel (Doc. 93), filed on

19   July 23, 2007.  Defendants filed an opposition (Doc. 96) on August 8, 2007.

20          In his motion to compel, plaintiff seeks an order requiring defendants to "produce

21   for inspection and copying the documents requested on date: July 18, 2007."  Plaintiff has not,

22   however, attached to his motion copies of the disputed discovery requests or proof of service

23   thereof on defendants.  In addition to opposing plaintiff's motion to compel on this basis,

24   defendants also address the merits of their objections and argue that the motion to compel should

25   be denied because their responses were adequate.  Defendants have provided the court with

26   copies of plaintiff's discovery requests and their responses.

# I. BACKGROUND

This action proceeds on plaintiff's second amended complaint filed on May 23, 2005.  The remaining defendants are:  Caden, Aguirre, Haley, Manuel, and Prebula, all of whom have appeared.  In the second amended complaint, plaintiff offers the following summary of his claims:

> . . .This is a civil action filed by Anthony Gaston, a severely disabled (mobility impaired wheelchair user) state prisoner for compensatory and punitive damages brought against California Department of Corrections (CDC) prison officials (defendant Caden) for serious deprivations of plaintiff's constitutional rights . . . where prison officials . . . intentionally, and deliberately failed to protect plaintiff by staging a gladiator fight between plaintiff and known "enemy," and attempted to solicit a campaign to have other prisoners to assault/kill plaintiff for filing past grievances, and civil suits, subjecting plaintiff to cruel and unusual punishment.
> . . . Defendant Aguirre violated plaintiff's eighth and fourteenth amendment rights when he was illegally placed in punitive administrative segregation (ad-seg) based on false, erroneous, and misleading, confidential information that was not reliable, unsupported, nor corroborated, plaintiff's retainment in ad-seg was unconstitutional because it was allegedly based on a prisoner threatening to kill plaintiff if defendant Aguirre did not remove plaintiff off the main line, subjecting plaintiff to be unlawfully retained in ad-seg for approximately two years based solely on the confidential threats made against plaintiff.
> . . .Defendants Caden and Aguirre conspired, colluded, aided and abetted against plaintiff when each of them purposely placed plaintiff's life in danger, then secretly infiltrated as though they were protecting plaintiff, which subjected plaintiff to deliberate indifference in violation of the eighth amendment when defendants and each of them knew or should have known that the prisoners who made threats to assault/kill plaintiff should have been the only persons retained in ad-seg, such failure to carry out standard practices and procedures have subjected plaintiff to cruel and unusual punishment.
> . . . Defendants . . . Prebula, Haley, and Manuel directly, indirectly, separately, and in their own individual capacities subjected plaintiff to serious constitutional violations that demonstrates unethical conduct known as the "Green Wall" code of silence, said defendants and each of them knew or should have known that their actions and omissions (unknown to plaintiff at the time) was conspiratorial and designed to cover up the attempt to solicit murder in a campaign to hire other inmates to carry out this 'organized racketeering crime scheme,' to cover up staging gladiator medieval fights between documented enemies, to cover up working hand in hand with inmate hench-men under loose fitted policies that allow inmates to dictate who they want or don't want on "their mainline" by approaching staff and threatening to kill other prisoners if staff does not put the prisoner in the hole, and up for transfer, these

1  defendants knew or should have known that their actions directly and
2  indirectly false imprisoned plaintiff, and worked in concert to cover up,
   confiscate, conceal, alter, misrepresent, destroy, and/or remove
   exculpatory probative documentary mitigating evidence from plaintiff's
3  central file (e.g., enemy chrono).

## II.  DISCUSSION

At issue are the following discovery requests:

1.      Requests for 13 admissions propounded to defendant Haley;

2.      Requests for 8 admissions propounded to defendant Manuel;

3.      Requests for 13 admissions propounded to defendant Prebula; and

4.      Request for production of documents.

Because defendants provided timely responses to each discovery request, plaintiff's motion is to compel further responses to plaintiff's request for production and to determine the sufficiency of defendants' responses to plaintiff's requests for admissions.

Generally, discovery may be obtained "...regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1).  See id.  Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues, nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.  See id. at 351.

/ / /

/ / /

3

1    Discovery may not be obtained regarding matters which are privileged.  See Fed.

2   R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if

3   relevant to the case.  See Baldridge v. Shapiro, 455 U.S. 345 (1982).  The question of privilege is

4   determined by reference to the Federal Rules of Evidence.  See Campbell v. Gerrans, 592 F.2d

5   1054 (9th Cir. 1979).  Generally, questions of privilege "...shall be governed by the principles of

6   the common law as they may be interpreted by the courts of the United States in the light of

7   reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise a

8   federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501. But,

9   "when state privilege law is consistent, or at least compatible with, federal privilege law, the two

10  shall be read together in order to accommodate the legitimate expectations of the state's

11  citizens."  Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

12   Finally, relevant non-privileged discovery may be limited if:  (1) the discovery

13  sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is

14  more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely

15  benefit, taking into account the needs of the case, the amount in controversy, the parties'

16  resources, the importance of the issues at stake in the litigation, and the importance of the

17  proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

18   A party to whom requests for admissions have been propounded may either

19  answer the admission by admitting or denying the matter or object to the request.  A denial must

20  fairly meet the substance of the requested admission.  A party may not give lack of information

21  or knowledge as a reason for failure to admit or deny unless the party also states that he has made

22  reasonable inquiry and that the information known or readily obtainable is insufficient to enable

23  the party to admit or deny.  See Fed. R. Civ. P. 36(a).  If an objection is made, the reasons for the

24  objections must be stated.  A party who considers that a matter of which an admission has been

25  requested presents a genuine issue for trial may not, on that ground alone, object to the request.

26  See id.

4

1    If, upon a motion made by the requesting party to determine the sufficiency of

2  responses, the court determines that a response does not comply with the requirements of Fed. R.

3  Civ. P. 36, the court may order that the matter is admitted or that an amended answer be served.

4  See Fed. R. Civ. P. 36(a).

5    **A.    Request for Production of Documents**

6    Plaintiff made two requests for production of documents.  Those requests, and

7  defendants' responses, are as follows:

8    Request for Production No. 1
      Produce the 7/30/00 128 enemy chrono.
9    Response
      Defendants object on the grounds that this Request is vague and
10   ambiguous as to "the 7/30/00 128 enemy chrono."  Subject to and without
      waiving or limiting the foregoing objections, Defendants respond as
11   follows:  Assuming Gaston is referring to a confidential CDC 128B dated
      July 31, 2000, Defendants will produce the responsive documents for
12   inspection only, subject to a protective order. . . .

13   Request for Production No. 2
      Produce the Names of each (ICC) committee member who was
14   among the panel that released Woods to the general population on 8/29/00.
      Response
15   Defendants object on the grounds that the Request lacks foundation
      and is framed as an interrogatory, not as a request for production.
16   Notwithstanding these objections, and assuming Gaston intended by this
      request to ask for any documents with the names of the ICC committee
17   members who authorized the release of inmate Woods into the general
      population on August 29, 2000, Defendants have no responsive documents
18   in their possession, custody, or control.

19   As to the first request, plaintiff in fact agreed to the protective order, which was

20  entered by the court pursuant to the parties' stipulation on July 27, 2007.  As to the second

21  request, defendants argue in their opposition to plaintiff's motion to compel that their assertion of

22  lack of responsive documents is truthful and that plaintiff has not demonstrated otherwise.

23    The court finds that plaintiff has not demonstrated that an order compelling

24  further responses is warranted.  As to Request No. 1, plaintiff stipulated to a protective order

25  which allowed him to review the document he requested.  As to Request No. 2, defendants do not

26  have responsive documents in their possession, custody, or control.  While such documents may

5

1   be in the possession, custody, or control of the California Department of Corrections or the

2   prison itself, those entities are not defendants to this action.  The individual defendants

3   responding to plaintiff's request for production state that they do not personally have the

4   documents, and there is no reason not to believe them.

5   **B.      Requests for Admissions**

6          Plaintiff challenges responses received from defendants Manuel, Prebula, and

7   Haley, arguing that "the failure to answer admissions with erroneous objections must be

8   answered to deemed waived."  Plaintiff's argument in its entirety is as follows:

9                   Defendants Manuel, Prebula, and Haley's failure to answer
            plaintiff's admission with straight answers are not justified, if defendants
10           can bypass four or five questions at random with frivolous responses that
            plaintiff's request are burdensome, irrelevant, harassing, vague,
11           incompetent, compound, or ambiguous, these broad responses are
            improper and can not be put in place to substitute one answer for another.
12           Defendants have an obligation not only to plaintiff, but to honor the rules
            and practices of this court, the failure to do so is not only an underminding
13           [sic] of plaintiff, but a mockery of this court as well.
                    Accordingly, this court is entitled to compel the defendants to
14           respond appropriately.

15          At the outset, the court notes that plaintiff has not set forth his ". . . contentions . .

16  . as to each contested issue."  See Local Rule 37-251(c)(3).  In particular, plaintiff has not set

17  forth each of the disputed requests for admissions and defendants' responses thereto.  See id.

18  Nor has plaintiff offered any specific argument as to each disputed request.  However, in a

19  declaration attached to his motion to compel, plaintiff identifies certain responses which he

20  asserts are inadequate.  Specifically, plaintiff challenges:  defendant Manuel's responses to

21  requests 1, 2, 3, and 5; defendant Haley's responses to requests 2, 3, 5, 6, 7, 10, 11, and 12; and

22  defendant Prebula's responses to requests 1, 2, 4, 5, 6, 7, 8, 9, 10, and 13.  Plaintiff does not,

23  however, offer any particular argument as to any of these disputed responses.

24          Notwithstanding the defects in plaintiff's motion, because defendants have

25  attached the discovery requests and responses at issue, the court is able to review defendants'

26  responses to the requests for admissions identified by plaintiff.

1                    1.      Defendant Haley's Responses

2              Plaintiff challenges defendant Haley's responses to requests 2, 3, 5, 6, 7, 10, 11,

3   and 12.  As to request nos. 2, 5, 6, 7, 11and 12, defendant Haley denied the matters.  As to

4   request no. 10, defendant Haley admitted that he "participated in ICC panels as a Correctional

5   Counselor II."  None of these responses is evasive or improper.

6              The court, however, finds that defendant Haley's response to request no. 3 is

7   insufficient.  The request and response are as follows:

8                    Request for Admission No. 3
                     When ever plaintiff sought an Olen review from his medical file he
9   was need denied copies based on his indigency.
                     Response
10                   Unable to admit or deny.  As a correctional counselor, Haley did
    not have access to medical files.
11

12  As stated above a party may not give lack of information or knowledge as a reason for failure to

13  admit or deny unless the party also states that he has made reasonable inquiry and that the

14  information known or readily obtainable is insufficient to enable the party to admit or deny.  See

15  Fed. R. Civ. P. 36(a).  Defendant Haley has not made any statement as to whether he has made a

16  reasonable inquiry.  Defendant Haley will be required to serve a supplemental response to this

17  request for admission.

18                   2.      Defendant Manuel's Responses

19             Plaintiff challenges defendant Manuel's responses to requests 1, 2, 3, and 5.  As to

20  request no. 1, defendant Manuel objected that the request is vague and ambiguous but otherwise

21  denied the matter.  As to request nos. 2 and 5, defendant Manuel denied the matters.  As to

22  request no. 3, defendant Manuel admitted the matter.  These responses are not evasive or

23  improper.

24  / / /

25  / / /

26  / / /

3.   Defendant Prebula's Responses

Plaintiff challenges defendant Prebula's responses to requests 1, 2, 4, 5, 6, 7, 8, 9, 10, and 13.  As to request nos. 6, 7, 8, 9, 10, and 13 defendant Prebula denied the matters.  The court finds that these responses are neither evasive nor improper.

As to request nos. 4 and 5, defendant Prebula objected on the basis that they were vague and ambiguous and, on that basis, stated that he could neither admit nor deny the matters. The court sustains the objections.  In request no. 4, plaintiff asked defendant Prebula to admit or deny that "Defendant Prebula was aware of plaintiff's enemy chrono."  This request is indeed vague and ambiguous in that it does not refer to any specific enemy or "chrono."  Similarly, in request no. 5, plaintiff asked defendant Prebula to admit or deny that "Defendant Prebula was aware of the confidential information against plaintiff," but he does not refer to any specific confidential information.

As to request nos. 1 and 2, defendant Prebula stated that he was without sufficient information to admit or deny, but he did not say anything about whether he has made a reasonable inquiry.  Defendant Prebula will be required to serve supplemental responses to these requests for admissions.

**III.  CONCLUSION**

For the reasons discussed above, the court finds that defendants Haley and Prebula should serve supplemental responses to certain of plaintiff's requests for admissions. Specifically, these defendants stated that they were without specific information upon which to base an admission or denial, but neither defendant made any statement as to whether they had made a reasonable inquiry.  See id.

/ / /

/ / /

/ / /

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    Plaintiff's motion to compel (Doc. 93) is granted in part and denied in

3    part;

4    2.    Within 20 days of the date of this order, defendant Haley shall serve on

5    plaintiff a supplemental response to request for admission no. 3; and

6    3.    Within 20 days of the date of this order, defendant Prebula shall serve on

7    plaintiff supplemental responses to requests for admissions nos. 1 and 2.

8

9    DATED:   September 17, 2007.

10

11                                **CRAIG M. KELLISON**

12                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26